FILED

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

2010 APR 19 PM 2: 33

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

**JOHN B. THOMPSON**

Plaintiff,

Case Number   6:10-cv-442-GAP-DAB

vs.

**THE FLORIDA BAR and
THE SUPREME COURT OF FLORIDA**

Defendants

## SCOTT MOTION TO INTERVENE AND INTEGRATED STATEMENT OF FACTS AND MEMORANDUM OF LAW

To the Honorable Dudley H. Bowen, Jr., USDC Judge for the Southern District of Georgia, by designation.

NOW COMES, William Sumner Scott ("Scott"), pro se, pursuant to Federal Rule of Procedure Rule 24(b) to move to intervene into this pending case and, in support thereof, states as follows:

### JURISDICTION

1. This case arises out of the same claims made by the Plaintiff against the same Defendants; i.e., a substantive and procedural denial of due process of law to me as required by the United States and Florida Constitutions in the proceeding currently pending before The Supreme Court of Florida at case number SC 05-1145 to discipline me that was initially referred by

The Florida Supreme Court to the Chief Judge of the Florida 11th Judicial Circuit for selection of a Referee to collect the facts.

2. The Chief Judge of the 11th Circuit referred the case to a Florida 11th Circuit Probate Court Judge for hearing.

3. All judges of The Florida Supreme Court, the Chief Judge of the Florida 11th Circuit, and the Probate Court Judge selected to conduct the hearing are members of The Florida Bar.

4. All of said judges look to The Florida Bar for fitness endorsements to continue to hold their offices or to seek additional offices or to obtain referrals of business should they return to private practice.

5. Because The Florida Bar complaint against Scott is considered by judges who must pay dues, be a member, and seek endorsement of The Florida Bar, it is impossible for Scott to obtain a fair hearing and review of issues and claims he presents against The Florida Bar in his defense.

6. On June 29, 2005, Scott filed a timely motion to the Florida Supreme Court for the appointment of an impartial referee who was not a member of The Florida Bar.

7. On October 18, 2005, The Florida Supreme Court denied the Scott Motion for an impartial Referee.

8. On or about May 12, 2006, Scott filed a Motion for Recusal of the Referee to the Referee for conflicts by virtue of his membership in The Florida Bar that was denied by the Referee.

9. On June 6, 2006, Scott appealed the denial of his Motion for Recusal of the Referee to The Florida Supreme Court.

10. On October 24, 2006, The Florida Supreme Court dismissed the Scott appeal of the denial of the Scott Motion to Recuse the Referee for conflicts of interest created by the Referee's membership in The Florida Bar.

11. On May 22, 2009, the Referee member of The Florida Bar issued his Amended Report to recommend to the Florida Supreme Court that I be suspended from the practice of law for eighteen months without mention of my defenses in his report; i.e., that Steven A. Frankel, the Bar complaining witness brought false claims against me that were adopted by The Florida Bar to cover-up his operation of a forex brokerage firm in Florida without the proper licenses.

12. The Referee Report is currently under review by the Florida Supreme Court at case SC 05-1145 – all members of The Florida Bar.

## BASIS FOR INTERVENTION

13. Scott has been denied substantive and procedural due process by the attempt of The Florida Bar to remove or otherwise restrict Scott's right to practice law in Florida by referral to hearing officers and judges who are members and otherwise beholding to The Florida Bar.

14. The Defendants in this case are the same Defendants Scott would name were he to bring an independent action for the relief sought after the grant of this Motion.

15. The cause of action arises under the same set of rules as must be considered by this Court in the determination of the underlying Motion for a non-Florida Bar member judge granted to the Plaintiff herein pursuant to Rule 455(a). See Order of the 11th Circuit entered on April 2, 2010 attached as Exhibit A.

16. The remedy sought is the same remedy sought and granted to the Plaintiff; i.e., substantive and procedural due process in Florida Supreme Court lawyer disciplinary action against me by appointment of a Referee or other Trier of fact who is not a member of The Florida Bar.

17. The grant of this Motion will not delay the consideration of the claims made by the Plaintiff because the case has just begun, is timely filed, and

the issues to be presented by Scott are the same or substantially similar to the issues to be presented by the Plaintiff.

## RELEVANT FACTS

18. This case involves the organized cover-up of official malfeasance in the Florida Office of Statewide prosecution that also concerns involvement of The Florida Bar Association to protect one of its members, Steven A. Frankel. Particularly:

   a.   Mr. Frankel was paid $5,000, through one of his corporations, to set up forex brokerage company in Florida without proper licenses to provide evidence of the need to amend the US Commodity Exchange Act, 7 U.S.C. 1, et seq. to overcome the finding in the case of *CFTC v Frankwell, et al*, 99 F.3d 299 (9th Cir. 1996) that held the CEAct did not authorize the Commodity Futures Trading Commission to regulate forex brokerage.

   b.   The Florida Bar brought a Complaint against me before The Florida Supreme Court at SC 05-1145 as a slap back against me for my complaints against Steven A. Frankel lodged with the US Securities and Exchange Commission (the "SEC"), the US Commodity Trading Commission, (the "CFTC") and the Florida Securities Commission to urge an investigation of Frankel and

   Intercontinental (a/k/a International) Currency Exchange Corporation ("ICEC").

   c. The Florida Bar Proceeding against me is also part of a cover-up of the incompetence of Steven A. Frankel, Esquire because he permitted the ICEC depositors solicited as part of a government sting to lose their deposits contrary to representations he made to Florida securities regulators at the time he was permitted to form ICEC without the Florida required licenses.

19. As evidenced by the failure of all government or self regulatory organizations, including The Florida Bar, to investigate the culpability of Steven A. Frankel, Esquire, a 50% owner of ICEC in the establishment and operation of ICEC that resulted in the loss of account balances held by innocent customers in the name of ICEC at Prudential Securities, Inc., Florida law enforcement and The Florida Bar have participated and continue to participate in the cover-up of the criminal and civil wrongs committed by Steven A. Frankel, a member of The Florida Bar.

20. All persons identified by Bar Rules to serve as Referees in regard to the hearing of The Florida Bar Complaints are members of The Florida Bar.

21. In addition, many, if not all, persons who serve as Referees are judges who look to The Florida Bar for endorsement in connection with their bid

for re-election or election to a higher judgeship. In that regard, judges often cannot be appointed to a position without a favorable endorsement from The Florida Bar.

22. No member of The Florida Bar under compulsion to pay dues and seek endorsement from The Florida Bar can provide me with a fair hearing on my allegations that The Florida Bar is a co-conspirator to the cover-up of the misconduct of Steven A. Frankel, Esquire.

23. The Florida Bar is a creation of the Florida Supreme Court pursuant to Article V of the Florida Constitution.

24. By Order entered by The Florida Supreme Court, all lawyers admitted to practice law and be State Court judges in Florida, including Florida Supreme Court Judges and The Florida Bar disciplinary referees must be members of The Florida Bar.

25. Members of the Florida Bar are supervised by The Florida Supreme Court and, therefore, no member of The Florida Bar, including judges on the Florida Supreme Court, can be expected to rule that The Florida Bar has been guilty of misconduct.

26. The Florida Bar misconduct is an essential element of my affirmative defenses to the fraudulent Florida Bar claims against me.

27. The case has been pending since 2005 in part as retribution for my claims that the Florida legal system is dysfunctional.

28. I am a member of The Florida Bar at number 947822 and earn my living by service to the public for fees.

29. The pending Florida Bar disciplinary proceedings against me before The Florida Supreme Court at case number SC 05-1145 has exposed my license to practice law to suspension or revocation by judgment of persons who owe allegiance to The Florida Bar and are otherwise conflicted and, therefore, are unable or unwilling to provide me with a prompt and proper consideration and resolution of the Bar claims against me.

30. This Motion to Intervene is not made for delay or any other improper purpose.

## MEMORANDUM OF LAW

**This Motion satisfies the conditions of Rule 24(b):**

A. This Motion to intervene at the outset of a pending proceeding is timely filed. *In re Baycol Prods. Litig.*, 214 F.R.D. 542, 543 (D. Minn, 2003); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988); *In re Beef Indust. Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir. 1979).

B. This Motion shares with the main action a common question of law or fact. Thompson requested and received a grant of his Motion for a non-menber of The Florida Bar to review and determine the facts of his case. My request once this Motion to Intervene is granted is for this Court to also grant my Motion for a non-member of The Florida Bar to also review the facts of my case. *Equal Employment Opportunity Comm'n v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1045-46 (D.C. Cir. 1998).

**The claims to be considered after intervention have merit.**

An impartial hearing officer is essential to due process of law guaranteed by the Florida and United States Constitutions. It is fundamental in the administration of American justice that there is no appearance of impropriety or partiality in the selection of the hearing officer. *Irwin v Irwin*, 455 So. 2d 1118, 1119, (Fla. Dist. Ct. App. 1984); *Metvin v Haynes*, 46 So. 2d 815, 817 (Ala. 1950); *Fourniquet v Perkins*, 48 U.S. (7 How) 160, 165 (1849).

The fact the practice of law is a privilege does not mean that the removal of a license to practice or other sanction can be administered by a partial or conflicted hearing officer.

```
```
The membership of any Referee in The Florida Bar and the review procedure of Florida Supreme Court Judges of actions taken by The Florida Bar, together with the supervision of all Florida Bar members pursuant to a compulsory membership procedure by The Florida Supreme Court, create the appearance that I will receive less than a fair hearing on my affirmative defense that the instant claims are brought by The Florida Bar in bad faith as a cover-up of the misdeeds and failures of the Florida legal system committed by Steven A. Frankel, Esquire and others in concert with him.

The relief to be requested by me after intervention has been granted on similar facts and the same application of legal right to the Plaintiff in this case. See Order of April 2, 2010, attached as Exhibit A.

### CONSULTATION WITH PARTIES

Plaintiff has no objections to this Intervention Petition. Defendants interests are adverse to Petitioner and, therefore, are expected to have objections.

WHEREFORE, I move for an Order to:

A. Allow me to intervene in this action in the form attached as Exhibit B; and, thereafter,

B. Direct The Florida Supreme Court to appoint an impartial referee who is not a member or otherwise affiliated or under the control of The Florida

The membership of any Referee in The Florida Bar and the review procedure of Florida Supreme Court Judges of actions taken by The Florida Bar, together with the supervision of all Florida Bar members pursuant to a compulsory membership procedure by The Florida Supreme Court, create the appearance that I will receive less than a fair hearing on my affirmative defense that the instant claims are brought by The Florida Bar in bad faith as a cover-up of the misdeeds and failures of the Florida legal system committed by Steven A. Frankel, Esquire and others in concert with him.

The relief to be requested by me after intervention has been granted on similar facts and the same application of legal right to the Plaintiff in this case. See Order of April 2, 2010, attached as Exhibit A.

### CONSULTATION WITH PARTIES

Plaintiff has no objections to this Intervention Petition. Defendants interests are adverse to Petitioner and, therefore, are expected to have objections.

WHEREFORE, I move for an Order to:

A. Allow me to intervene in this action in the form attached as Exhibit B; and, thereafter,

B. Direct The Florida Supreme Court to appoint an impartial referee who is not a member or otherwise affiliated or under the control of The Florida

Bar to serve as the hearing officer in Florida Supreme Court case number SC 05-1145 The Florida Bar v Scott.

C. Such other relief as the Court deems proper.

_____
William Sumner Scott, pro se

36 NW 6th Avenue, Suite 409
Miami, FL 33128

(305) 796-3176
Facsimile 305 961-9949
wscott@wscottlaw.com

# DESIGNATION OF UNITED STATES JUDGE

# FOR SERVICE WITHIN THE CIRCUIT

6:10-mc-45-Orl

The Honorable Dudley H. Bowen, Jr., Southern District of Georgia, having indicated that he is willing and able to perform the duties of district judge in the United States District Court for the Middle District of Florida in the case of *Thompson v. The Florida Bar and the Florida Supreme Court*, Case No. 6:10-cv-442-Orl-31KRS.

NOW THEREFORE, pursuant to the authority vested in me by Title 28, United States Code, Section 292(a) and 294(c), I do hereby designate and assign the Honorable Dudley H. Bowen, Jr. to perform the duties of district judge in the United States District Court for the Middle District of Florida in the case of *Thompson v. The Florida Bar and the Florida Supreme Court*, Case No. 6:10-cv-442-Orl-31KRS.

*Chief Judge*
Eleventh Circuit Court of Appeals

Dated: April 2, 2010

Ex A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

JOHN B. THOMPSON

        Complainant,

                             Case Number    6:10-cv-442-GAP-DAB

vs.

THE FLORIDA BAR and
THE SUPREME COURT OF FLORIDA

        Defendants

        ||Proposed||ORDER

After consideration of the Motion of William Sumner Scott to intervene in this case and affording all parties the opportunity to respond, the Scott Motion to Intervene is GRANTED.

Scott is further Granted 20 days from the date of this Order to file and serve his complaint upon the parties to this case.

Entered in Chambers at _____ on this ____ day of _____, 2010.

                                                      Dudley H. Bowen, Jr.
                                                      USDC Judge
                                                      Southern District of Georgia
                                                      Sitting by Designation



IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

JOHN B. THOMPSON

      Complainant,

                              Case Number    6:10-cv-442-GAP-DAB

vs.

THE FLORIDA BAR and
THE SUPREME COURT OF FLORIDA

      Defendants

### CERTIFICATE OF SERVICE

On this 14th day of April, 2010, the undersigned, by first class mail, postage pre-paid, served the original and one copy of the foregoing Motion to Intervene upon Sheryl L. Loesch, Clerk for the United States District Court for the Middle District of Florida, U.S. Courthouse, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801-0120, and upon John B. Thompson, J.D., 5721 Riviera Drive, Coral Gables, Florida 33146, Plaintiff, and upon The Honorable Thomas D. Hall, Clerk, The Supreme Court of Florida, 500 South Duval Street, Tallahassee, FL 32399-1927, a Defendant, and a copy by the same method upon Paul F. Hill, Esquire, General Counsel, The Florida Bar, 651 E. Jefferson Street Tallahassee, FL 32399-2300, a Defendant.

                                                            */s/ William Sumner Scott*
                                                            William Sumner Scott

36 NW 6th Avenue, Suite 409
Miami, Florida 33128

(305) 796-3176
Facsimile (305) 961-9949
wscott@wscottlaw.com

12