IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOHN B. THOMPSON, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. |
| | * CV 610-442 |
| THE FLORIDA BAR; FLORIDA SUPREME COURT; and NATIONWIDE MUTUAL INSURANCE COMPANY, | * |
| Defendants. | * |

O R D E R

On April 9, 2010, the undersigned district judge was appointed to preside over the captioned case pursuant to the authority vested in the Chief Judge of the Eleventh Circuit under 28 U.S.C. §§ 292 and 294. Pursuant to 28 U.S.C. § 636, **IT IS HEREBY ORDERED** that the Honorable James E. Graham is appointed as the United States Magistrate Judge in the case and is authorized to exercise all powers and perform all duties conferred upon magistrate judges by that statute.

The captioned matter was filed on March 24, 2010. The Florida Bar, a defendant in the case, recently filed a Waiver of Service of Summons, indicating that the waiver had been sent on April 30, 2010. The Florida Bar therefore has 60 days from April 30, 2010 within which to file an Answer or a motion

DHB (34)                                                                CCC:

under Federal Rule of Civil Procedure 12. The Florida Supreme Court was also named as a defendant. The Court presumes that Plaintiff also sent the Florida Supreme Court a Request for Waiver of Service of Summons on or about April 30, 2010. The Florida Supreme Court has not yet filed a Waiver of Service though the deadline to do so has not passed.

On May 4, 2010, Plaintiff filed an Amended Complaint. However, Plaintiff did not attach a certificate of service to the Amended Complaint as required by Federal Rule of Civil Procedure 5(d). Thus, it is not clear whether Plaintiff served the Florida Bar or the Florida Supreme Court. To ensure that these defendants answer or otherwise defend the Amended Complaint, Plaintiff is hereby **DIRECTED** to file a certificate of service with the Court indicating the manner and date of service of the Amended Complaint upon the original defendants. Further, the Amended Complaint adds a new defendant, Nationwide Mutual Insurance Company, upon which the Court presumes Plaintiff will send a Request for Waiver of Service of Summons such that Nationwide will respond to the Amended Complaint in due course.

Finally, Plaintiff has filed a motion to certify the case as a class action and a motion for court-ordered mediation. There is also a motion to intervene pending in the case. Because of the posture of the case, there have been no

responses to these motions, and I am not inclined to rule upon any motion without the benefit of responses. Accordingly, I will defer consideration of the pending motions until after all defendants have filed answers to the Amended Complaint or otherwise defended the case and have been given an opportunity to respond to the motions.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE