IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN B. THOMPSON,                  *
                                   *
          Plaintiff,               *
                                   *
v.                                 *    CIVIL ACTION NO.
                                   *    CV 610-442
THE FLORIDA BAR; FLORIDA           *
SUPREME COURT; and NATIONWIDE      *
MUTUAL INSURANCE COMPANY,          *
                                   *
          Defendants.              *


O R D E R


          Plaintiff John B. Thompson, a lawyer who was permanently
disbarred from the practice of law in the State of Florida,
filed the captioned case on March 24, 2010 against the Supreme
Court of Florida and the Florida Bar.   On May 4, 2010,
Plaintiff amended his complaint to add Nationwide Mutual
Insurance Company as a party defendant.   All three defendants
have filed motions to dismiss the First Amended Complaint.

          Plaintiff has not yet responded to the motions to
dismiss.[1]  Rather, on July 14, 2010, he filed a motion to have
Mr. Barry Scott Richard, defense attorney for the Florida Bar,

---

          [1]  The Court notes that Plaintiff has filed a motion to
extend the time within which he has to respond to the motions,
which is pending before the United States Magistrate Judge.

DHB (34)                                    CCC:

disqualified from the case.  On July 19, 2010, Plaintiff filed a motion to have the firm of Gray Robinson disqualified from representing   the   Florida   Supreme   Court   in   the   case. Defendants have filed responses, and the motions are ripe for consideration.

### *Motion to Disqualify Mr. Richard*

Plaintiff argues that Mr. Richard must be disqualified because he is "a fact witness crucial if not indispensable to plaintiff to prove his case herein."  (Doc. No. 54, at 1.) Plaintiff contends that Mr. Richard will be compelled to explain that he lied to the District Court in the Middle District of Florida regarding the substantive and procedural due process rights that would be afforded to Plaintiff during his disbarment proceedings.  Plaintiff also contends that Mr. Richard has knowledge about a "release" given by the Florida Bar to Nationwide Insurance Company and the alleged settlement negotiations between the Florida Bar and Plaintiff prior to the disbarment proceedings.

For its part, the Florida Bar does not concede that Mr. Richard is an essential fact witness in this case.  Rather, it points out that the motion is at best premature because the conflict rules contemplate that the attorney be a witness at a trial or some other proceeding and Defendants have filed motions to dismiss that must be resolved before any testimony

2

will be taken in the case. Moreover, the Florida Bar points out that there may be an opportunity to waive any apparent conflict and allow Mr. Richard to continue representation.

The disqualification of counsel is an extraordinary remedy that shall not be employed unless absolutely necessary. E.g., Quail Cruises Ship Mgmt. Ltd. v. Agencia De Viagens CVC Limitada, 2010 WL 2926042 (S.D. Fla. July 23, 2010). "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003). In considering the motion to disqualify, the response, and the relevant rules of professional responsibility, Plaintiff's allegations concerning Mr. Richard's purported testimony are too vague and unspecific to disqualify counsel. Moreover, Plaintiff has not shown that the alleged adverse testimony is directly related to the any particular claim in the litigation. Before the Court will consider whether to disqualify counsel, the claims in the case should be vetted through resolution of the motions to dismiss. Accordingly, Plaintiff's motion to disqualify Mr. Richard (doc. no. 54) is **DENIED.**[2]

---

[2]    Plaintiff's motion to stay the proceeding pending a ruling on the motion to disqualify (doc. no. 55) is hereby **DENIED AS MOOT**.

*Motion to Disqualify Gray Robinson*

Plaintiff moves to disqualify the firm of Gray Robinson, a private law firm, from its representation of the Florida Supreme Court, primarily arguing that the Attorney General's Office is the appropriate entity to represent this party. Plaintiff, however, cites no case law, professional rule, or other authority for the proposition that the Florida Bar cannot retain a private law firm to represent it in litigation matters.

Plaintiff also complains that Gray Robinson did not transmit his settlement offer to its client, but Plaintiff has offered no proof of this. Other arguments in Plaintiff's disqualification motion go to the merits of the motion to dismiss filed by the Gray Robinson firm and are not grounds to disqualify the firm. Finally, Plaintiff's allegations concerning the Gray Robinson firm's involvement in the Republican party or with its other clients have nothing to do with its ability to represent the Florida Bar in this matter. This Court will simply not wade into matters that are extraneous to the issues in this lawsuit despite Plaintiff's efforts to have it do so. Upon due consideration, and because Plaintiff has not provided a sufficient reason or evidence to justify disqualification of the Gray Robinson law firm, the motion (doc. no. 61) is **DENIED.**

4

*Other Pending Motions*

Plaintiff has filed other motions that may be addressed at this time.  Plaintiff filed a "Motion to Stay Proceedings or in the Alternative, to Further Amend the Complaint Herein." Through this motion, Plaintiff states that he would like to seek a declaratory judgment as to whether Defendant Nationwide is "on the hook" for the tort claims Plaintiff has presently asserted against the Florida Bar.  (Doc. No. 36, at 4.) Plaintiff "prefers" that the Court allow him to amend the Complaint to add this declaratory judgment claim against Nationwide, but in the alternative, he seeks a stay of the case until he can obtain a ruling in a declaratory judgment action filed in state court.  The Court notes that Nationwide has filed a motion to dismiss, arguing that Plaintiff's claims, including any declaratory judgment claim, are barred by Florida's nonjoinder statute, which precludes third parties from bringing coverage claims against an insurer before obtaining a liability judgment.  Accordingly, the proposed amendment may prove futile.  For this reason, the Clerk is directed to **TERMINATE** the motion to amend the complaint (doc. no. 36) without prejudice to Plaintiff to reassert the motion after Nationwide's motion to dismiss has been resolved.

Additionally, Plaintiff has moved for court-ordered mediation, asking that this Court and "responsible people" in

the Florida Bar be compelled to participate in a mediation of the issues in this case. Plaintiff also filed two supplements to this motion wherein he asks the Court to take judicial notice of matters he feels are tangentially related to the instant lawsuit because they involve the law firms that represent the Florida Bar and the Florida Supreme Court.[3]

---

[3]  To the extent Plaintiff *moved* the Court to take judicial notice of a newspaper article published in the *Miami Herald*, the motion (doc. no. 37) is **DENIED**. Plaintiff is free to supplement his motions with relevant material when appropriate; there is no need for Plaintiff to convert these supplements to motions. Plaintiff should rest assured that the Court is reading and assimilating every document filed in the case, and all *admissible* evidence of record will be considered, if appropriate, in resolving thoughtfully conceived motions filed by either party.

Moreover, Plaintiff should be careful not to overrun the docket with "Notices" of every publication or document that he deems relevant to this case unless it is specifically tied to a pending motion. (See, e.g., Doc. Nos. 26, 35, 37, 47 & 53.) For the most part, Plaintiff's submissions are chock full of hearsay, and Plaintiff gains nothing by the filing of such materials. For example, the letter to the editor published in *The Florida Bar News* is not admissible evidence (see doc. no. 47), and for that matter, neither are the assertions about Mr. Hank Coxe and the Special Commission made by Plaintiff in this filing. Plaintiff would be better served to stay on task with an orderly administration of this case and with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The filing of "evidentiary" matters should be made in conjunction with a valid motion or in response to a pending defense motion. That is, Plaintiff should not burden the docket with "evidence" or argument unattached to any pending motion.

In accordance with this admonition, Plaintiff's motions to take judicial notice of an article published in *American Lawyer* (doc. no. 26) and of the Florida Bar's "Hostility to the First Amendment Rights of Lawyers - Unless They are Liberals" (doc. no. 53) are **DENIED**.

Upon due consideration of the motion, the Court finds that this is not an appropriate case for mediation. Accordingly, the motion (doc. no. 22) is **DENIED**.

    **ORDER ENTERED** at Augusta, Georgia, this _____ day of August, 2010.

                                     UNITED STATES DISTRICT JUDGE