IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUDGE DUDLEY H. BOWEN, JR.

JOHN B. THOMPSON,

Plaintiff,

v.                                                    Case No. 6:10-cv-442

THE FLORIDA BAR,
FLORIDA SUPREME COURT,
and NATIONWIDE MUTUAL INSURANCE COMPANY,

Defendants.

## PLAINTIFF'S MOTION THAT THE COURT TAKE JUDICIAL NOTICE OF RECENT RULING BY ELEVENTH CIRCUIT COURT OF APPEALS

COMES NOW plaintiff John B. Thompson (Thompson) and asserts:  As we respectfully await this court's ruling on plaintiff's motion for enlargement of time in light of his motions to disqualify counsel and other pending motions, plaintiff moves this court to take judicial notice of the attached news article reporting a ruling just this past month by the Eleventh Circuit Court of Appeals that makes it clear, yet again, that The Florida Bar is actively and erroneously hostile to the First Amendment rights of lawyers.

Also attached hereto is the first page of the lengthy Eleventh Circuit opinion in District Court Case No. 08-00015-CV-J-34TEM, easily accessible by the court, by the parties, and even by the plaintiff, via this court's CM/ECF system, although plaintiff is still prohibited from utilizing it.

The Eleventh Circuit notes at page 56 of its scholarly opinion in *Harrell* that "Commercial speech enjoys a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values, and is subject to modes of

regulation that might be impermissible in the realm of noncommercial expression. Floriad Bar v. Went for It., Inc., 515 U.S. 618, 623 (1995)..."

This is highly germane to this case, as Thompson seeks declaratory relief not as to his *commercial speech* but rather as to his First Amendment political speech, freedom of religion, and "petition the government" rights, all three of which occupy a much, much higher rung on the ladder of First Amendment rights.

The Florida Bar's assault upon the First Amendment must undergo judicial scrutiny. The defendants' motions to dismiss are a desperate attempt to avoid the application of the already existing rulings by the Eleventh Circuit, by the United States Supreme Court, and by the Florida Supreme Court itself to the First Amendment speech in which Thompson engaged. *Harrell* reminds us all that The Florida Bar and Supreme Court did not repeal the First Amendment at some poolside cocktail party at an Annual Florida Bar Convention at a five-star resort.

I HEREBY CERTIFY that a copy of this notice has been provided this 1st   day of August, 2010, by U.S. mail to Barry Richard, Greenberg Traurig, 101 East College Avenue, Tallahassee, Florida 32302 [The Florida Bar]; Peter Antonacci, Gray Robinson, P.O. Box 11189, Tallahassee, FL 32302 [Florida Supreme Court]; and John Marino [Nationwide], Fowler White, 50 North Laura Street, Suite 2800, Jacksonville, Florida 32202.

JOHN B. THOMPSON
Plaintiff *pro se*
5721 Riviera Drive
Coral Gables, Florida 33146
Phone: 305-666-4366
amendmentone@comcast.net

Welcome | Account | Email Alerts | Sign Out

Jacksonville Business Journal - August 2, 2010
/jacksonville/stories/2010/08/02/story5.html

# Business Journal

Friday, July 30, 2010

## Harrell wins a round in legal ads fight against Bar

Jacksonville Business Journal - by Kimberly Morrison Staff Writer

A federal appeals court has ruled that Jacksonville attorney William Harrell can sue the **Florida Bar Association** for stifling his firm's ability to advertise its services.

Harrell has been in an ongoing dispute with Bar officials over its advertising restrictions, which his suit alleges infringe on corporate speech. Although his firm's slogan, "Don't settle for less than you deserve," is at the heart of the case, the suit is a broad challenge to nine advertising-related provisions.

A win for Harrell could mean a wholesale change in attorney advertising restrictions in Florida, which the Bar itself recognizes as more conservative than those in most other states. After local federal judge Marcia Morales Howard dismissed the case, the Atlanta-based 11th **U.S. Circuit Court of Appeals** recently sent Harrell's case back to district court, allowing parts of the lawsuit to move forward.

"**The Florida Bar** has traditionally supported the most restrictive limitations on lawyer advertising consistent with constitutional requirement so as to better protect the public," said Mary Ellen Bateman, director of the ethics and advertising division of The Florida Bar. "The Florida Bar regulates attorney advertising to protect Floridians from misleading information and to promote useful, relevant information that consumers may use to select an attorney."

kmorrison@bizjournals.com | 265-2218

### This article is for Paid Subscribers ONLY.

If you are already a Jacksonville Business Journal subscriber please create or sign into your bizjournals.com account to link your valid print subscription and have access to the complete article.

**Purchase a Subscription**

**Become a Subscriber to receive**



- Immediate access to this article
- Access to additional exclusive content every week
- Free copy of the Book of Lists (a $50 value)
- 4 Free weeks with purchase of one year subscription

**Welcome, Jack thompson**
At this time, you do not have any valid, linked subscriptions.

- Link Print Subscription
- Purchase or Renew a Subscription

All contents of this site © American City Business Journals Inc. All rights reserved.

# United States Court of Appeals
## For the Eleventh Circuit

No. 09-11910

District Court Docket No.
08-00015-CV-J-34TEM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jun 17, 2010

JOHN LEY
CLERK

WILLIAM H. HARRELL, JR.,
HARRELL & HARRELL, P.A., et al.,

Plaintiffs-Appellants,

versus

THE FLORIDA BAR, et al.,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court
for the Middle District of Florida

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUL 1 6 2010
U.S. COURT OF APPEALS
ATLANTA GA

Entered: June 17, 2010
For the Court: John Ley, Clerk
By: Patch, Jeffrey