IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 SEP -1 AM 11: 42
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO

JUDGE DUDLEY H. BOWEN, JR./MAGISTRATE JUDGE JAMES E. GRAHAM

JOHN B. THOMPSON,

Plaintiff,

v.                                                          Case No. 6:10-cv-442

THE FLORIDA BAR,
FLORIDA SUPREME COURT,
and *NATIONWIDE MUTUAL INSURANCE COMPANY*,

Defendants.

**PLAINTIFF'S *URGENT* NOTICE TO COURT AND FURTHER RESPONSE TO DEFENDANTS BAR'S AND SUPREME COURT'S MOTION FOR SANCTIONS**

COMES NOW plaintiff John B. Thompson (Thompson) and hereby provides urgent notice of the following, which also constitutes a further response to the two defendants' requests for the extraordinary remedy of in effect banning plaintiff from access to all federal courts:

On August 11, plaintiff sent to Florida Supreme Court Chief Justice Charles T. Canady a letter alerting him that it appeared that Miami-Dade Circuit Court Judge Dava J. Tunis was cherry-picked to serve as Thompson's Bar Referee to assure an outcome unfavorable to Thompson.

Five days later, the GrayRobinson law firm, improperly chosen by Mr. Canady to represent it in this action, in a panic filed its outlandish motion to ban a United States citizen from the federal court system to prevent him from seeking any relief from the Supreme Court's and The Florida Bar's prior illegal acts. Upon reading further, this court will see why. The August 11 letter caused this "law firm for Republicans in

trouble" to seek this extraordinary relief in order to extend the cover-up that was unraveling.

On August 10, Thompson sent to the Chief Judge of Miami-Dade County a Public Records Law Request seeking any and all documents that explain precisely how bar referees are selected. The Chief Judge's General Counsel, Linda K. Kearson, quickly responded by sending Thompson the attached letter, dated August 13, stating, as one can see, that "it has been the long-standing practice of the Chief Judges [plural] of the Eleventh Judicial Circuit to appoint active county or circuit judges in alphabetical order to serve as referees in disciplinary cases."

The Chief Judge immediately preceding current Chief Judge Brown was Joseph Farina, who appointed Dava Tunis to be Thompson's referee. So when Ms. Kearson writes the "Chief Judges" have used *the alphabet* to select bar referees, she is referring at least to Farina and the now current Chief Judge, Joel Brown.

At this juncture it is appropriate to note what some of us learned years ago: "The wheels of justice grind slowly, but they grind exceedingly fine." Since August 2004, The Florida Bar and the Florida Supreme Court have chosen to try to do to Thompson what they could not accomplish back in 1992 and had to in fact pay Thompson damages the first time for his trouble. They just got caught *again*.

Thompson, upon receiving the facile explanation from Ms. Kearson that referees are chosen alphabetically (see attached), served yet another public records request upon the Chief Judge, asking for the actual referee appointments, along with *an alphabetical listing of judges when these appointments were made*. Thompson's opponents have one thing in common: they consistently underestimate Thompson. Thompson likes that.

2

The Office of the Chief Judge, in the person of Ms. Kearson, for weeks stonewalled on the request. Of course she stonewalled. *She knew what was in the documents.* Now, finally, after Thompson threatened suit this past week, as provided under Florida's Public Records Law, the Office of the Chief Judge has finally disgorged *1200* pages responsive to Thompson's request. Thompson has looked at enough to them to find this:

## These public records reveal that judges are NOT appointed to serve as bar referees in alphabetical order.

This constitutes a grave denial of due process to Thompson in light of Dava Tunis' actions which severely prejudiced him, as such a nonrandom selection of a tribunal in such a situation serves to void the entire disciplinary result achieved against Thompson. See *Francolino v. Kuhlman*, 365 F.3d 137 (2nd Cir. 2004).

Relatedly and not coincidentally, Dava Tunis was not even legally on the bench by virtue of the fact that her first state- and federally-mandated loyalty oath was forged, and the second one was invalid as well. Thus, Tunis wasn't even a judge, and now we know, even if she was, the Chief Judge of Miami-Dade County apparently never learned his ABC's and can't mind his P's and Q's.

In light of this cataclysmic (for The Bar and to the Florida Supreme Court) discovery, pursuant to this public records disgorgement, neither this District Court nor *any other* District Court can even entertain, let along grant, the ridiculous, illegal, unconstitutional relief the defendants seek. They seek it because they know where the skeletons are, and now so too does Thompson. Florida's "Government in the Sunshine Law" strikes again.

In closing, the GrayRobinson law firm commenced its absurd pleading in this regard with the assertion that "Thompson is an abusive litigant." Thompson, as we now see, if given eons, could not possibly abuse The Florida Bar and the Florida Supreme Court as they have willfully, and illegally, chosen to abuse him. These people have lied every step of the way, and they have sought to deny Thompson's right to prove it by first denying him access to the Florida Supreme Court and now by denying him access to the federal courts. It is not conceivable, knowing what is now known, that an Article III court would sign on for such a stunt.

I HEREBY CERTIFY that a copy of this notice has been provided this 30th day of August, 2010, by filing this, in paper form, with the court, which will in turn provide it electronically to Barry Richard, Greenberg Traurig, 101 East College Avenue, Tallahassee, Florida 32302 [The Florida Bar]; Peter Antonacci, Gray Robinson, P.O. Box 11189, Tallahassee, FL 32302 [Florida Supreme Court]; and John Marino [Nationwide], Fowler White, 50 North Laura Street, Suite 2800, Jacksonville, Florida 32202.

JOHN B. THOMPSON
Plaintiff *pro se*
5721 Riviera Drive
Coral Gables, Florida 33146
Phone: 305-666-4366
amendmentone@comcast.net

4



**ELEVENTH JUDICIAL CIRCUIT OF FLORIDA**
ADMINISTRATIVE OFFICE OF THE COURTS
OFFICE OF THE GENERAL COUNSEL

JOEL H. BROWN
CHIEF JUDGE

SANDRA M. LONERGAN
TRIAL COURT ADMINISTRATOR

August 13, 2010

LAWSON E. THOMAS COURTHOUSE CENTER
175 N.W. FIRST AVENUE
MIAMI, FLORIDA 33128
(305) 349-7165
FAX (305) 349-7168

SENT VIA CERTIFIED MAIL 7001 0360 0003 2920 3844

*John B. Thompson, J.D.*
5721 Riviera Drive
Coral Gables, Florida 33146

Re: Public Records Request Regarding Assignment of Bar Referees

Dear Mr. Thompson:

In response to the above referenced Public Records Request, dated August 10, 2010, sent to the Honorable Joel H. Brown, pursuant to Rule 3-7.6 (a), Rules Regulating the Florida Bar, "the chief justice shall have the power to appoint referees to try disciplinary cases and to delegate to a chief judge of a judicial circuit the power to appoint referees for duty in the chief judge's circuit." Accordingly, upon being delegated such power, it has been the long-standing practice of the Chief Judges of the Eleventh Judicial Circuit to appoint active county or circuit judges in alphabetical order to serve as referees in disciplinary cases.

Very truly yours,

Linda Kelly Kearson
General Counsel

LKK/W003