FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA   2010 OCT -4   PM 1: 51
ORLANDO DIVISION

US DISTRICT COURT
JUDGE DUDLEY H. BOWEN, JR./MAGISTRATE JUDGE JAMES E. GRAHAM

JOHN B. THOMPSON,

        Plaintiff,

v.                                              Case No. 6:10-cv-442

THE FLORIDA BAR,
FLORIDA SUPREME COURT,
and NATIONWIDE MUTUAL INSURANCE COMPANY,

        Defendants.

## PLAINTIFF'S MOTION THAT THIS COURT TAKE JUDICIAL NOTICE OF ORDER JUST ENTERED IN U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

        COMES NOW plaintiff John B. Thompson (Thompson) and hereby moves this court to take judicial notice of the following:

        The defendants in this case have been seeking, both in this District Court and also in the US District Court for Northern District of Florida, a wrongly-labeled "sanction" prohibiting Thompson from ever representing himself in the federal and state court systems. The relief sought is absurd on its face. The right of self-representation is guaranteed both in Florida's statutes and in its Constitution and by the United States Constitution.

        Be that as it may, on August 4, 2010, plaintiff Thompson filed a notice of voluntary dismissal of this action in the Middle District of Florida. It was docketed in this court on August 9. He did so because he became convinced that he could not possibly receive a fair consideration of the merits of his case, for the reasons already set

forth in the record. The second that dismissal was docketed, this case ended and this court lost any jurisdiction, which, by the way, the defendants claimed this court never had in the first place!

With this as background, the defendants in this District Court have been playing tag team with themselves in both District Courts, energetically informing both courts in both Districts of the fabulous documents they have filed in both courts, seeking, remarkably and improperly, the same relief in both courts—banning Thompson from the state and federal court systems for all time. The right of self-representation, according to Justice Stewart, speaking for the majority in *Faretta*, "has been guaranteed since the demise of England's notorious Star Chamber." The GrayRobinson and Greenberg Traurig firms wish to bring back the Star Chamber to the federal court system.

Keeping in mind the fact that these two defendants, the Florida Supreme Court and The Florida Bar, have been citing themselves as authorities in the Northern District of Florida in order to seek the same relief in the Middle District of Florida, and vice-versa, in the hopes that one court would do what the other might first do to gag and bind Thompson, this tactic of self-authentic of an absurd legal position has come back to bite them on the rear in the last 24 hours, for this has just happened:

Yesterday, on September 30, 2010, the Northern District of Florida agreed with plaintiff Thompson in Case No. 4:10-cv-309 that **UPON HIS FILING OF HIS NOTICE OF VOLUNTARY DISMISSAL, THE COURT NO LONGER HAS JURISDICTION OVER THE CASE IN LIGHT OF THE CLEAR MEANING OF RULE 41(a)(A)(i), FEDERAL RULES OF CIVIL PROCEDURE!**

Per that Rule 41, *since Thompson filed his notice of voluntary dismissal prior to the filing of any answer or motion for summary judgment, the notice of voluntary dismissal is fully effectual and final, thereby terminating the case and thereby depriving the trial court of any jurisdiction of the case whatsoever.* The Northern District has figured this out, upon Thompson's prompting. Query: What is this court's problem?

Therefore, the Northern District Court no longer has jurisdiction by which to do anything, let alone enter a ridiculous illegal, unconstitutional "sanction," the effect of which is to repeal the Firth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. This court should thank God it no longer has the jurisdiction to shoot itself in its jurisprudential feet.

Now that the Northern District has ruled on this specious, ridiculous, fascistic motion, the Middle District would do well (nay, it can do nothing else but) to take a look at Rule 41(a)(A)(i), see that the case before it has been dismissed which thereby evaporates any jurisdiction of this case, and move on.

This court can then leave it to some other federal or state court, down the road, to repeal the aforementioned portions of the United States Constitution. And why not? The Florida Supreme Court, by fiat, has repealed not only those provisions but also the Constitutional provisions prohibiting bills of attainder and *ex post facto* laws.

Put simply, this case in the Middle District does not exist. It did not exist from August 9 until now. Read the Northern District's order. Defendants were outlawyered by a person who is not a lawyer anymore. They'll have to deal with it, just as Thompson has had to deal with having his right to practice law stolen from him.

This matter, more generally, is *not* resolved, as what has been done criminally is now before the other two branches of government.   Thompson repeatedly sought mediation, either voluntary or court ordered, to try, in good faith, to resolve this dispute that has gone on for six years now.  These defendants do not want resolution.  They want annihilation, despite ballyhooing "mediation" as a means to resolve all disputes— apparently save those with a former lawyer it thinks is the Anti-Christ.   In the Northern District, all Thompson sought was his right to seek some sort of relief from the Florida Supreme Court.  Even that right to advocate a position was too much for these legal Luddites.

But this court is through with this.  The Northern District has made this clear, as a voluntary dismissal, taken without the filing by a defendant of an answer or a motion for summary judgment, ends the case.  What a concept!  A law actually means what it says! This is the first of many lessons yet to be learned by the defendants Florida Bar and Supreme Court. Thus endeth this lesson.

I HEREBY CERTIFY that a copy of this notice has been provided this 1st    day of October, 2010, by filing this, in paper form, with the court, which will in turn provide it electronically to Barry Richard, Greenberg Traurig, 101 East College Avenue, Tallahassee, Florida 32302 [The Florida Bar]; Peter Antonacci, Gray Robinson, P.O. Box 11189, Tallahassee, FL 32302 [Florida Supreme Court]; and John Marino [Nationwide], Fowler White, 50 North Laura Street, Suite 2800, Jacksonville, Florida 32202.

JOHN B. THOMPSON
Plaintiff *pro se*
5721 Riviera Drive
Coral Gables, Florida 33146
Phone: 305-666-4366
amendmentone@comcast.net